IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE L. MOORE,
No. 09362-025,

      Petitioner,

vs.

T.G. WERLICH,

      Respondent.                      Case No. 18–cv–0202-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Duane Moore is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"). He brings this federal habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge his sentence in *United States v. Moore*, No. 11-cr-30188-DRH (S.D. Ill. 2011). Relying on the United States Supreme Court's decision in *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243 (2016), Moore asserts that his 2 prior convictions in Illinois for unlawful delivery of a controlled substance no longer qualify as predicate offenses that trigger an enhanced sentence as a career offender under the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 1, p. 2). For this reason, he asks the Court to vacate his sentence. (Doc. 1, p. 12).

    This matter is now before the Court for review of the § 2241 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court

1

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth herein, the instant § 2241 Petition shall be **DISMISSED**.

## I. Background

On October 19, 2011, Moore was indicted for distribution of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *United States v. Moore*, No. 11-cr-30188-DRH (S.D. Ill. 2011) ("criminal case") (Doc. 1). He entered a "not guilty" plea on December 5, 2011. (Doc. 7, criminal case). However, Moore changed his plea to "guilty" at a hearing before a United States Magistrate Judge on January 30, 2012, and the magistrate judge accepted the guilty plea on that date. (Doc. 20, criminal case). Following the issuance of an uncontested presentence investigation report ("PSI"), this Court sentenced Moore to a term of 216 months of imprisonment with the Federal Bureau of Prisons ("BOP") on May 4, 2012. (Docs. 24 and 30, criminal case).

Moore filed an appeal to challenge the enhanced sentence that he received as a career offender under U.S.S.G. § 4B1.1. *See United States v. Moore*, App. No. 12-2127 (7th Cir. 2012) ("appeal"). The Seventh Circuit Court of Appeals dismissed the appeal as frivolous on June 17, 2013. (Doc. 28, appeal).

On March 20, 2014, Moore filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. *See Moore v. United States*, No. 14-363-

2

DRH ("collateral attack"). In the § 2255 motion, Moore argued that his sentence should be vacated because he received ineffective assistance of counsel when his attorney failed to object to his career offender status. (Doc. 1, collateral attack). He supplemented his § 2255 motion with a constitutional challenge to the validity of his guilty plea before the magistrate judge.[1] (Docs. 6-8, collateral attack). On May 26, 2016, the § 2255 motion was denied, as was a certificate of appealability ("COA"). (Doc. 9, collateral attack). The Seventh Circuit Court of Appeals also denied his application for a COA on May 22, 2017. (Doc. 24, collateral attack). The instant § 2241 Petition followed.

## II. Habeas Petition

In the instant § 2241 Petition, Moore asserts that his 2 prior convictions in Illinois for unlawful delivery of a controlled substance no longer qualify as predicate offenses in light of *Mathis*. (Doc. 1, pp. 1-2). The two prior drug offenses include: (1) unlawful delivery of a controlled substance in violation of 720 ILCS 570/401(c)(2) in Madison County Case No. 01-CF-3063; and (2) unlawful delivery of a controlled substance within 1,000 feet of a church in violation of 720 ILCS 570/407(b)(2) in Madison County Case No. 08-CF-1650. Moore alleges that the sentencing guideline range was 188 to 235 months of imprisonment. (Doc. 1,

---

[1] While his § 2255 motion was pending, Moore also challenged his guilty plea pursuant to the Seventh Circuit Court of Appeals' decision in *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), by filing a federal habeas petition pursuant to 28 U.S.C. § 2241. *See Moore v. Cross*, 15-cv-00749-DRH (S.D. Ill. filed July 10, 2015). This Court dismissed his initial § 2241 Petition without prejudice on August 4, 2015. (Docs. 5 and 6, initial § 2241 Petition). He added this claim to his pending § 2255 motion. (Docs. 6-8, collateral attack).

3

pp. 2-12). Although his 216-month sentence fell within this range, Moore asks this Court to vacate his enhanced sentence and remand the matter for a full resentencing hearing. *Id*.

In the § 2241 Petition, Moore refers to the federal sentencing guideline definitions at U.S.S.G. § 4B1.2(b), which define a "controlled substance offense" as one "that prohibits the manufacture, . . . distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to . . . distribute or dispense." A person who has 2 convictions for a controlled substance offense (or a crime of violence) is subject to an enhanced sentence as a "career offender." U.S.S.G. § 4B1.1(a).

Moore argues that his 2 Illinois drug convictions were improperly used to enhance his sentence because the wording of the Illinois statute is different than that of § 4B1.2(b). He asserts that the Illinois offense of "delivering a Controlled Substance with or without consideration" is materially broader than the federal generic offense which does not include "with or without consideration" in its definition. (Doc. 1, p. 7) (citing 720 ILCS 570/102(h)). The Illinois Supreme Court has interpreted this language in the Illinois Controlled Substance Act statute to include behavior that is not intended for monetary gain, such as sharing or exchanging drugs with another person. (Doc. 1, pp. 8-9). Because the Illinois statute is overly broad, Moore argues, the drug-related offenses no longer qualify as predicate offenses under *Mathis*. He urges this Court to find that the career

offender guidelines were thus improperly applied to enhance his sentence. (Doc. 1, pp. 9-10).

### III. Discussion

As a general matter, § 2241 and § 2255 provide federal prisoners with "distinct forms of collateral relief." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Section 2255 applies to challenges to the validity of convictions and sentences, and § 2241 applies to challenges to the fact or duration of confinement. *Id.* at 645 (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). In the instant § 2241 Petition, Moore is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

However, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

Three conditions must be satisfied to bring a claim within the savings clause following *Davenport*. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d at 640. First, the petitioner must show that he relies on a new statutory interpretation case rather than a constitutional case. *Id*. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. *Id*. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id*.

This Court has found that a collateral attack invoking *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243, 2250 (2016), facially satisfies the three *Davenport* conditions. *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). However, the Seventh Circuit recently issued an opinion squarely rejecting the argument that Moore has raised. *United States v. Redden*, 875 F.3d 374 (7th Cir. Nov. 8, 2017) (career offender enhancement of sentence based on Illinois controlled substance convictions was proper, distinguishing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)). Under this authority, the instant § 2241 Petition must be dismissed.

The *Redden* court, referring to the Illinois statute's definitions relating to controlled substance offenses, stated:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual,

6

> constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*Redden*, 875 F.3d 374 (7th Cir. Nov. 8, 2017). The Illinois statute does not contain the element of "offering" a drug for sale, as did the Texas statute that led the *Hinkle* court to invalidate Hinkle's career-offender enhancement. Given the equivalence of "delivery" in Illinois with "distribute or dispense" under the federal definitions, the Seventh Circuit concluded that "it would be frivolous . . . to argue that Redden is not a career offender" based on his Illinois drug convictions. *Id*.

Applying the *Redden* court's binding precedent, Moore's 2 convictions in Illinois for "delivery" of controlled substances were properly used as predicate convictions for his career-offender sentence under U.S.S.G. § 4B1.1, because they involved "distribution" or "dispensing" of a controlled substance (or possession with intent) within the meaning of U.S.S.G. § 4B1.2(b). Under the circumstances, Moore is not entitled to relief under § 2241.

## IV. Disposition

**IT IS HEREBY ORDERED** that the instant Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 is summarily **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion

of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.10
08:24:04 -05'00'

United States District Judge